IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Turuk Saunders, #199803, | ) | Case No 2:16-cv-1724-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Warden, Broad River Correctional Instit., | ) | |
| Respondent. | ) | |

Turuk Saunders ("Petitioner"), a state prisoner proceeding *pro se*, filed this action on May 27, 2016, seeking habeas relief under 28 U.S.C. § 2254. (Dkt. No. 1.) On March 9, 2017, this Court adopted the Magistrate Judge's Report and Recommendation to grant Respondent's motion for summary judgment and deny the habeas petition. (Dkt. No. 28.) In that Order, the Court construed Petitioner's untimely objections (Dkt. No. 27), mailed after the deadline for objections, as a motion to reconsider. The Court later denied Petitioner's motion to alter or amend that judgment. (Dkt. No. 32.)

Petitioner has now filed a motion, received on June 5, 2017, asking the Court to accept his objections to the Magistrate's Report and Recommendation as timely filed. (Dkt. No. 39). In this motion, Petitioner represents that on February 16, 2017, Postal Director Morley "himself signed, notarized, and accepted my Objections from my prison cell #2051." (Dkt. No. 39-1 at 1.) Although the Petitioner did not provide this "notarized" document when filing this most recent motion, he appears to be referencing a certificate of service previously filed with the Court indicating that the objections were mailed on February 16, 2017. (Dkt. No. 27 at 8). This "notarized" certificate of service indicates that the notary's commission expires on September 16, 2026. (*Id.*). This "notarized" certificate of service is inconsistent with the stamped envelope

-1-

which came with Petitioner's objections and this certificate of service, which bears two stamps indicating that the mailroom received the envelope and documents on either February 28 or March 1, 2017, not February 16, 2017. (Dkt. No. 27-2).

Petitioner also indicates in his June 5, 2017 filing that he has "a signed affidavit" from "the BRCI Postal Director" supporting his claim that he delivered his objections to the prison mailroom on February 16, 2017. (Dkt. No. 39-1). There is an undated letter from "Morley, S.C," the "BRCI Postal Director," stating that Petitioner gave him "legal mail" on February 16, 2017 and that he mailed the material the following day, February 17, 2017. (Dkt. No. 39-2). This undated letter is not notarized or otherwise sworn and appears to bear the same signature as the person who notarized the certificate of service attesting to the February 16, 2017 receipt date in the prison mail room and other notarized documents submitted in this case. (Dkt. Nos. 27 at 8; 31 at 5, 6; 39-1). Further, the date provided for the expiration of the commission of this "notary" is variably given as September 16, 2026, September 16, 2027, and May 30, 2017. (*Id.*)

Based upon the apparent inconsistencies and irregularities in the submitted documents, the Court directs Respondent's counsel to make independent inquiry with the person(s) who allegedly signed the questioned documents to determine if they are authentic. To the extent that Mr. Morley, the alleged Postal Director of BRCI and author of the undated letter (Dkt. No. 39-2), does verify the information contained in the undated letter, he should certify the statement under oath and have it notarized by a duly qualified notary public. He should also explain the discrepancy between the date he states in the certificate of service (Dkt. No 27 at 8) that he allegedly received Petitioner's objections, February 16, 2017, and the date stamped on the envelope indicating receipt in the mailroom on February 28 and/or March 1, 2017 (Dkt. No. 27-2). This information shall be submitted to the Court on or before July 7, 2017.

**AND IT IS SO ORDERED.**

                                                Richard Mark Gergel
                                                United States District Court Judge

June 8, 2017
Charleston, South Carolina