IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Turuk Saunders, | ) | Civil Action No. 2:16-cv-01724 -RMG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | AMENDED[1] ORDER |
| Warden of Broad River Prison, | ) | |
| Respondent. | ) | |

## I. Background

Turuk Saunders ("Petitioner"), a state prisoner proceeding *pro se*, filed this action on May 27, 2016, seeking habeas relief under 28 U.S.C. § 2254. (Dkt. No. 1.) This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 22) to grant Respondent's Motion for Summary Judgment (Dkt. No. 9) and to deny the habeas petition. For the reasons set forth below, the Court adopts the R. & R. as the Order of the Court. Respondent's Motion for Summary Judgment (Dkt. No. 9) is granted.

## II. Legal Standard - Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R. & R. to which specific objection is

---

[1] On June 5, 2017, Petitioner filed a motion (Dkt. No. 39) asking this Court to consider his Objections to the Magistrate's Report and Recommendation to be timely filed. This Court asked Respondent's counsel to make an independent inquiry into the authenticity of Petitioner's exhibits. (Dkt. No. 40.) After reviewing both parties' filings, the Court has decided to grant Petitioner's motion (Dkt. No. 39) and construe Petitioner's Objections to the R. & R. as timely filed. To accomplish this objective, the Court hereby issues this Amendment to its previous Order (Dkt. No. 24) adopting the Magistrate's R. & R.

made. Fed. R. Civ. P. 72(b)(2). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. Discussion

The Magistrate has carefully outlined the facts of this case in the R. & R., so the Court does not repeat them here. (Dkt. No. 22 at 9-11.) Petitioner has filed several Objections to the Magistrate's R. & R. (Dkt. No. 27), and the Court has considered each one in turn.[2]

#### A. First Objection

Petitioner has asserted claims for due process violations and ineffective assistance of counsel based on the trial court's alleged failure to name the juror who disclosed during voir dire that s/he had been a classmate of Mr. Jenkins, a witness in the trial. Petitioner has objected to the Magistrate's "finding that the Petitioner has always known the identity of [that] juror." (Dkt. No. 27 at 1.) The R. & R. contains a small error when it says that Petitioner stated "that [Petitioner] has always known the identity of the juror." (Dkt. No. 22 at 15, n. 9.) Petitioner in fact stated that "the identity of the Juror has always been known by the **Respondent**." (Dkt. No. 20 at 12) (emphasis added.) This error has no impact on this Court's determination that the Magistrate's analysis of this issue is thorough and correct.[3]

---

[2] Although the Court has decided to issue this Amendment finding Petitioner's Objections to the R. & R. to be timely filed, its analysis of his Objections remains the same because this Court has already given *de novo* consideration to Petitioner's Objections to the R. & R. (Dkt. No. 28) even though it previously construed them as a motion to reconsider.

[3] Petitioner also objects to the Magistrate's finding that Petitioner made inconsistent assertions about his knowledge of the identity of that juror. A review of the record indicates that Petitioner's statements about this issue have indeed been inconsistent. (Dkt. No. 22 at 25, n. 10.)

The juror who knew witness Jenkins confirmed that s/he could be fair and impartial at trial, so there was "no manifest error in the trial court's handling of voir dire . . . [when the court] ensured that a juror who knew one of the witnesses could be fair and impartial in the trial of the case." (Dkt. No. 22 at 26.) Mr. Jenkins's credibility was not an issue in the trial, and his testimony was not inconsistent with Petitioner's testimony because Petitioner "did not dispute that he originally rented the trailer and paid the rent. His position, that he paid the rent although he let his little brother live in the trailer, is not inconsistent with witness Jenkins' testimony [that] he did not know who lived in the trailer and would not be shocked if the Petitioner's brother were living there." (*Id.* at 25.) For these reasons, the trial court did not violate Petitioner's due process rights in its handling of voir dire. As outlined in the R. & R., Petitioner's ineffective assistance of counsel claim connected to this issue fails for similar reasons. (*Id.* at 26.)

### B.   Second Objection

Petitioner objects to the Magistrate's recommendation as to Ground One, Petitioner's allegation that the trial court erred when it denied a motion for directed verdict when Petitioner was only present at the scene and there was no evidence that Petitioner possessed the drugs that were found inside the trailer. (Dkt. No. 27 at 2; Dkt. No. 22 at 21.) The Magistrate found that a rational trier of fact could have found that Petitioner had constructive possession of the drugs in the trailer so was guilty beyond a reasonable doubt based on the following facts: (1) Petitioner leased the trailer; (2) Petitioner or his girlfriend made all rent payments; and (3) one witness testified that he had been to the trailer the night before the execution of the search warrant to purchase drugs from Petitioner.

Although Petitioner claims to object to the Magistrate's failure to consider whether he *knowingly* constructively possessed the drugs in the trailer (Dkt. No. 27 at 2), the only non-conclusory statements in Petitioner's objections simply re-argue the question of whether

-3-

Petitioner actually or constructively possessed the drugs. For example, Petitioner asserts that he was not physically in the trailer when the search warrant was executed while others, like Akeem Saunders, actually held the drugs in their hands. (*Id.* at 2-3.) Petitioner has not objected to the Magistrate's factual findings in support of the conclusion that a rationale trier of fact could have found Petitioner guilty beyond a reasonable doubt based on his constructive possession of the drugs in the trailer. For this reason, the Court adopts the Magistrate's well-reasoned analysis of this issue.

### C. Third Objection

Finally, Petitioner objects to the Magistrate's "factual and legal resolution of Grounds Ten, Sixteen, and Twenty-One." (*Id.* at 5.) These grounds all turn on the question of whether defense counsel was ineffective for allegedly failing to challenge the search warrant. Petitioner claims the trial judge unconstitutionally limited his rights when he told defense counsel that Petitioner could not make contradictory arguments at the suppression hearing and during the defense's case in chief.[4] (*Id.* at 5-6.) Petitioner has not, however, objected to the Magistrate's finding that Petitioner failed to show that he was prejudiced by counsel's performance (i.e. that absent counsel's alleged failure to challenge the search warrant the outcome of the proceeding would have been different). Therefore, for the reasons outlined in the R. & R., this Court finds that Petitioner has failed to show the prejudice required to sustain this ineffective assistance of counsel claim. (Dkt. No. 11 at 39.)

---

[4] This Court acknowledges longstanding Supreme Court precedent preventing prosecutors from using a defendant's testimony at a suppression hearing as substantive evidence of his guilt at trial. *See United States v. Salvucci*, 448 U.S. 83 (1980); *Simmons v. United States*, 390 U.S. 377, 398 (1968).

## IV. Conclusion

For the reasons above, this Court adopts the Magistrate's R. & R. as the Order of this Court. Respondent's motion for summary judgment is **GRANTED** and the habeas petition is **DISMISSED WITHOUT PREJUDICE.**

## V. Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

## VI. Effect of this Order

This Order is an Amendment to the Court's February 22, 2017 Order (Dkt. No. 24.) This Order also has the effect of vacating two of this Court's previous orders (Dkt. No. 28 and Dkt. No. 32) and granting Petitioner's pending motion for "leave to file nunc pro tunc." (Dkt. No. 39.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 8, 2017
Charleston, South Carolina